[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE'S MOTION TO CORRECT PUBLISHED OPINION
Pursuant to Practice Book § 4183 (10), the State of Connecticut-appellee respectfully requests that the Appellate Court consider revision of a limited portion of its opinion inState v. Torres, 47 Conn. App. 205 (1997). Specifically, the undersigned supervisory assistant state's attorney objects to the characterization of the State's appellate argument as "disingenuous" and asks this Court to reconsider such characterization.[1] The requested correction will not affect the rescript.
I. BRIEF HISTORY OF THE CASE
The following facts are set forth in the Appellate Court's opinion. State v. Torres, 47 Conn. App. at 208-212. In the evening on August 7, 1995, the defendant and three other members of the Latin Kings armed themselves and drove in a Plymouth Grand Fury to Allen Drive in Hartford with the specific intent of killing Glenroy Gordon. When the defendant and his co-conspirators arrived, Gordon was standing near Allen Drive and holding the hand of Tiffany Rodriguez, a four-year old child. Will Little also was standing nearby. No evidence was presented at trial to suggest that the defendant knew Little or the child, much less that he specifically intended to harm either of them.
As the Grand Fury slowly drove down Allen Drive, the defendant was sitting on the car door out of the window on the passenger side, holding an automatic gun, and facing Gordon. Three eyewitnesses saw the defendant start shooting toward Gordon, who fell to the ground. Before falling, Gordon shouted to the child to run, which she did. The child escaped injury. Many bullets
were fired, one of which struck Gordon in the head, killing him. Another bullet struck Little in the right leg.[2]
The defendant was arrested and tried to a jury on a five-count information:
The first count charged the defendant with the crime of CT Page 13212 conspiracy to commit murder in violation of General Statutes §§ 53a-48 and 53a-54a, which conspiracy resulted in the death of Glenroy Gordon. The second count charged the defendant with the crime of murder in violation of General Statutes § 53-54a, alleging that "with intent to cause the death of Glenroy Gordon, [the defendant] caused the death of Glenroy Gordon by shooting him." The third count charged the defendant with the crime of criminal attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49
(a)(2) and 53a-59 (a)(1), alleging that when "acting with the intent to cause serious physical injury to another person, [he] performed a substantial step in the course of conduct planned to culminate in the commission of the crime, to wit: arming himself with a deadly weapon, going to Allen Drive, and shooting one Will Little." The fourth count charged the defendant with the crime of assault in the second degree with a firearm in violation of General Statutes § 53a-60 (a)(2), alleging that "with intent to cause physical injury to another person, [he] caused such injury to Will Little by using a firearm." The fifth count charged the defendant with the crime of risk of injury to a child in violation of General Statutes § 53-21.
State v. Torres, 47 Conn. App. at 207-08 (footnotes omitted).
Following trial, the defendant was convicted of conspiracy to commit murder, attempted assault in the first degree, and risk of injury to a child. The trial court, Spada. J., imposed a total effective sentence of fifty (50) years imprisonment.
II. SPECIFIC FACTS AND LEGAL GROUNDS RELIED UPON
On appeal, the defendant claimed that (1) the evidence of intent to assault Little was insufficient to support his conviction for attempted assault, and (2) that the trial court improperly instructed the jury on the doctrine of transferred intent. See State v. Torres, 47 Conn. App. at 208. With respect to his sufficiency claim, the defendant argued that "the state failed to prove that he had the requisite intent to harm Little and that the doctrine of transferred intent cannot be utilized to supply the intent necessary for a conviction of attempted assault in the first degree under General Statutes § 53a-49 and 53a-59."Id. at 212. This Court agreed with the defendant on his sufficiency claim; consequently, it did not reach his claim of instructional error. Id. at 208. CT Page 13213
In its opinion, this Court recognized that "[t]he state, on appeal, in arguing to sustain the conviction on the third count, claims that the intended victim in that count was actually Gordon, not Little." State v. Torres, 47 Conn. App. at 212. The Court then concluded that it was "evident" from the record, including the presentation of evidence at trial, argument to the jury and response to jury instructions that the victim in count three actually was Little and that it was "disingenuous" of the State to argue otherwise. Id. at 212, 224.
As this Court is aware, "disingenuous" connotes much more than an acknowledgment that an argument is unavailing; it is defined as "lacking in frankness, candor or sincerity." This Court concluded, after review of the record, that "as the state's case went in, as the state argued to the jury and as the trial court charged the jury, the defendant could and did understand that Little was the `another person' whom the defendant was charged with having attempted to assault in the first degree." Id. at 218. Although the State disagrees with this conclusion, it recognizes that this Court's assessment is reasonably supported by the record. It does not necessarily follow, however, that the contrary view, as espoused by the State in its appellate brief, is "disingenuous."
Prior to filing the state's brief, Assistant State's Attorney Scheinblum discussed the interpretation of count three with several senior prosecutors, including the undersigned and the senior assistant state's attorney who prosecuted the defendant at trial. Although this Court clearly disagrees with their assessment of the record, Attorney Scheinblum nonetheless seriously considered the question of whether the theory being advanced on appeal was the same as had been advanced at trial and had a good faith basis for believing that the third count was directed toward Gordon, not Little.
The transcript of the State's closing argument shows that the State never mentioned the concept of "transferred intent" nor otherwise intimated that the jury could find the defendant guilty of an assault on Little based on such a concept. The State also never argued to the jury that the defendant actually intended to harm Little, thus supporting the trial prosecutor's assertion that Little was not the person to whom count three was directed. Rather, the State urged the jury to convict the defendant of all five crimes, including the charge of attempted first degree CT Page 13214 assault, because the defendant participated in a "preplanned execution" which he and his associates "carried out against a target without concern for innocent bystanders, including a small child." T. at 365, 381 (emphasis added.).
More importantly, with regard to the question of whether the State's appellate argument is appropriately characterized as `disingenuous," the State set forth in its appellate brief at pages 25-26 that portion of the State's argument at trial which arguably could be construed as supporting the defendant's conclusion that Little, not Gordon, was more properly regarded as the focus of the third count. Although this Court disagrees with the State's view of count three, the undersigned respectfully suggests that the appellate prosecutor was candid in disclosing to the defendant and this court the language from closing argument which could be regarded as contrary to the State's view. Likewise, the State set forth in its brief at page 20 the very language from the jury charge that this Court subsequently relied upon in concluding that "transferred intent" was indeed at issue in this case. Id. at 223. Clearly, this Court disagrees with the State's construction of that language, but appellate counsel properly brought it to the Court's attention in the first instance. Furthermore, while as this Court points out, the trial court instructed that "if you are not satisfied beyond a reasonable doubt that the defendant was the shooter of Will Little, then you are required to return a verdict of not guilty as to count three;" Id. at 214; it also is true as the State pointed out in its brief, that the trial court instructed the jury with respect to count three that "you do not need to find that [the defendant] in fact caused serious physical injury, but "you do need to find that he had the intent to inflict serious physical injury." T. at 446. Such instruction is consistent with the state's theory that the shooting of Little could be regarded as a substantial step in a course of conduct directed toward Gordon.
Confronted with admittedly ambiguous and conflicting conclusions which could be drawn from the information available, appellate counsel in this matter, after consultation with his supervisor, presented an argument as to why the instructions pertaining to attempt to commit assault did not constitute reversible error. Appellate counsel did not attempt to conceal from this Court the State's arguments at trial or the trial court's instructions, but rather set forth relevant portions of both, even when unfavorable to the State's construction of CT Page 13215 events, in the brief on appeal. The State's arguments, although ultimately unsuccessful, are not, the undersigned respectfully submits, appropriately characterized as "disingenuous" under these circumstances.
CONCLUSION
For the reasons stated above, the state requests that the Appellate Court revise its opinion by expunging from page 224 the word "disingenuous."
Respectfully submitted,
THE STATE OF CONNECTICUT
 SUSAN C. MARKS Supervisory Assistant State's Attorney Appellate Bureau Office of the Chief State's Attorney 300 Corporate Place Rocky Hill, CT 06067 Tel. No. (860) 258-5807 Fax. No. (860) 258-5828 Juris No. 401855
 CERTIFICATION
I hereby certify that a copy of this document Mark Rademacher, Special Assistant Public Defender, Office of the Chief Public Defender, 121 Elm Street, New Haven, CT 06510, Tel. No. (203) 789-7477, Fax. No. (203) 776-1698 on December 22, 1997.
SUSAN C. MARKS Supervisory Assistant State's Attorney